**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 01:03CV1579 |
| *Ex rel.* | ) | |
| THOMAS JAMES KIRBY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| University Hospitals Health | ) | |
| Systems, Inc., et al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

Upon consideration of the Motion for partial attorney fees and expenses filed by Relator,

Thomas James Kirby, the Court after considering the arguments contained therein and being

advised that the other parties to this case are in agreement with the award of partial attorney's

fees and expenses to Relator's counsel, Rotatori, Bender, Gragel, Stoper & Alexander Co.,

L.P.A. ("RBGSA") in the amount of $120,000, hereby makes the following findings of fact and

conclusions of law.

In early 2003, RBGSA began representing the Relator in this case in connection with the

possible filing of a False Claims Acts suit against University Hospital's Health System and its

subsidiaries and affiliates (UHHS). The basis for the claim was that UHHS had violated certain

provisions of the Stark Act and had over billed Medicare and Medicaid. In July of 2003, the

instant suit was filed.

In June of 2006, a $14.0 million global settlement was reached resolving all False Claims

Act claims between Relator, United States, and the Defendants. Since a recovery on behalf of

the United States was achieved, Relator is now a prevailing party and, as such, is entitled to recover all reasonable attorneys' fees and expenses pursuant to the False Claims Act, 31 U.S.C. § 3730(d). Further, Relator is entitled to a percentage of the recovery achieved by the United States pursuant to 31 U.S.C. § 3730(d) (Relator's Award).

As part of the settlement agreement between the parties and the United States, it has been agreed by all parties that, subject to approval by the Court, pursuant to the mandatory fee-shifting provisions of the False Claims Act, 31 U.S.C. § 3730(d)(1) and (2), that RGBSA would receive as attorneys' fees and expenses the amount of $120,000 (before consideration to any contingent fee arrangement between RBGSA and Relator).

Relator's Fee arrangement with RBGSA involves two components, an hourly component which is at RBGSA's standard rates and a contingent component consisting of 50% of any award to the Relator. Specifically, RBGSA has foregone any claim to determining their fees under a "Lodestar" computation at prevailing market rates or a multiplier for the twelve factors set forth by the Sixth Circuit in *Barnes v. Cincinnati*, 401 F.3d 729, 745-746 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 624 (2005) due to the existence of the contingent fee arrangement with the Relator.

The existence of the contingent fee arrangement in this case was instrumental in bringing about the settlement that has been reached in this case.

After considering the relative positions of the parties and the written motions submitted to it, the Court makes the following findings of fact on the issue of Relator's attorney fees:

1.        The hourly rate charged by RBGSA is below the market rate for fees charged in similar cases.

2

2.      The reason the hourly rates charged by RBGSA are below market rates is
        the existence of the contingent fee arrangement between Relator and
        RBGSA;

3.      Due to the nature of this case, the legal complexities involved, the
        specialized knowledge required to identify the pertinent legal issues, the
        risk undertaken by RBGSA in bringing the case and the extraordinary
        results achieved, it would be reasonable to apply a multiplier to the market
        rates to arrive at a reasonable fee in this case.

4.      RBGSA has foregone the application of a multiplier to the market rates for
        cases of this type because of the existence of the contingent fee
        arrangement between RBGSA and Relator in this case.

5.      The fact that RBGSA was willing to forego the applicable "Lodestar"
        computation to arrive at a reasonable rate for their fees and instead rely
        upon the contingent fee arrangement with Realtor was a critical
        component of the settlement reached in this case and the case may not
        have settled on as favorable terms absent the contingent fee arrangement
        and RBGSA foregoing the "Lodestar" fees.

6.      The amount of $120,000 in fees and expenses requested by Relator and
        RBGSA under 31 U.S.C. § 3730(d) are reasonable in light of the fifty
        percent contingent fee arrangement between Relator and RBGSA.

7.      Absent the fifty percent contingent fee arrangement between Relator and
        RBGSA, the $120,000 of fees and expenses would be several times less

3

than the appropriate fee award under the appropriate "Lodestar" computation.

The Court also makes the following conclusions of law:

1.    Relator, Thomas James Kirby, is a prevailing party in this litigation as that term is used in 31 U.S.C. § 3730(d).

2.    Under 31 U.S.C. § 3730(d)(1) and (2) an award of attorney fees and costs to a prevailing party is mandatory.

3.    Under 31 U.S.C. § 3730(d)(1) and (2) an award of attorney fees and costs is limited to an amount that is reasonable.  *United States, ex rel. Taxpayers Against Fraud v. General Electric Company,* 41 F.3d 1032 (6th Cir. 1995).

4.    Under 31 U.S.C. § 3730(d)(1) and (2), the appropriate measure of reasonable attorney fees is the "Lodestar" computation. *Barnes v. Cincinnati*, 401 F.3d 729, 745-746 (6th Cir. 200*), cert. denied, 126 S.Ct. 624 (2005).

5.    There is no prohibition against contingent fee arrangements between relators and their counsel contained in or contemplated by 31 U.S.C. § 3730(d).

6.    Under the "Lodestar" computation, the appropriate rate for attorney fees is set by first determining the market rate for attorney fees for the type of matter on an hourly basis then multiplying that hourly rate by the hours worked.

7.    In certain circumstances, once the market rate has been determined, a "multiplier" may be applied to increase the market rate in light of specific or unique features found in a particular case.

4

8.    The market rate for cases such as this case is significantly above the rates charged
by RBGSA in this case.

9.     This case is an appropriate case for the application of a multiplier due to the
legal complexities involved, the specialized knowledge required to identify the
pertinent legal issues, the risk undertaken by RBGSA in bringing the case and the
extraordinary results achieved.

10.    Taken together, the $120,000 fee requested by Relator's counsel  under 31 U.S.C.
§ 3730(d) and the fifty percent contingent fee arrangement between Relator and
RBGSA is reasonable in light of the applicable "Lodestar" computation that
should be applied in this case and due to the legal complexities involved, the
specialized knowledge required to identify the pertinent legal issues, the risk
undertaken by RBGSA in bringing the case and the extraordinary results achieved.

ACCORDINGLY, IT IS HEREBY ORDERED ADJUDED AND DECREED, that the
Defendant in this Action, University Hospital's Health Systems, and or its Subsidiaries or
affiliates, shall pay to the law firm of Rotatori, Bender, Gragel, Stoper & Alexander, Co., LPA
the sum of $120,000 as attorney fees and expenses of $120,000 incurred on behalf of the Relator
in this case pursuant to the provisions of 31 U.S.C. § 3730(d).

IT IS SO ORDERED.

Donald C. Nugent 7/20/06

DONALD C. NUGENT
UNITED STATES DISTRICT COURT JUDGE

5